Charles Capetanakis (CC 1120)
DAVIDOFF MALITO & HUTCHER LLP
605 Third Avenue, 34th Floor
New York, NY 10158
Phone: (212) 557-7200
Fax: (212) 286-1884
*Local Counsel for the Plaintiffs*

James Bopp, Jr. (JB 0781)*
Joe La Rue (JL 2423)*
BOPP, COLESON & BOSTROM
1 South 6th Street
Terre Haute, IN 47807
Phone: (812) 232-2434
Fax: (812) 235-3685
*Lead Counsel for the Plaintiffs*
\* Admitted pro hac vice for this case on May 7, 2008 by order of the Honorable Laura T. Swain, District Court Judge.

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

OGNIBENE, *et al.*,

*Plaintiffs*,

-against-                                C.A. No. 08 CV 01335 (LTS) (TDK)

PARKES, *et al.*,

*Defendants.*

**DECLARATION OF TOM OGNIBENE
IN SUPPORT OF PLAINTIFFS' LOCAL RULE 56.1
STATEMENT OF UNDISPUTED FACTS**

I, Tom Ognibene, make the following declaration pursuant to 28 U.S.C. § 1746:

1.     I am an attorney. I am over eighteen years of age and my statements herein are based on personal knowledge.

2.     I have run for office and have held a seat on city council previously. From 1991 through 2001 I was the Minority Leader.

3.     I ran in the 2008A Special Election for City Council District 30. I ran as a participating candidate; that is, I participated in the matching fund program of public financing.

4. I wanted to run as a non-participating candidate. However, I reasonably believed I would be unable to raise enough money to mount an effective campaign because of two sections of the New York City Administrative Code. Specifically, section 3-703(1-a) prohibited me from soliciting and accepting contributions in excess of $250 from those having business dealings with the city, while section 3-703(1)(l) prohibited me from soliciting and accepting contributions from limited liability companies, limited liability partnerships, and partnerships.

5. Because of these fundraising limits and prohibitions, I felt forced to run as a participating candidate in the public financing program, so that the contributions I received would be matchable.

6. I intend to run for city council member for the 30th Council District in the 2009 election. I have not, and am not, quitting politics, nor have I announced that I am quitting politics.

7. I want to run as a non-participating candidate (one who does not participate in public financing).

8. However, because of the laws referenced above in paragraph 4, I reasonably believe that I may be unable to raise the funds necessary to mount an effective campaign without the help of the City's matching fund program. I am therefore unsure as to whether I will run as a non-participating candidate, in spite of the fact that I would prefer to do so. The economic reality is that I may be forced by the challenged laws to run as a participating candidate instead.

9. If I am a participating candidate in 2009 (instead of a non-participating candidate), it will only be because the challenged laws forced me into the public financing system.

10. It is therefore not accurate to describe the public financing system, as it is administered today, as "voluntary." Rather, the challenged laws forced me into the public financing system once, and are likely to do so again.

11. People contribute money to political campaigns for any number of reasons. This was true for me when I ran for office in each of my campaigns.

12. When I was a member of City Council, I never granted voted either for or against a proposal because someone contributed or did not contribute to my campaign. I was never influenced by whether someone contributed or did not contribute to my campaign. Rather, I tried to serve all the citizens of my district and the people of the city of New York fairly.

13. Sections 3-703(1-a) and 3-703(1)(l) deprive me of my constitutional rights under the First and Fourteenth Amendments to the United States Constitution.

14. Sections 3-703(1-a) and 3-703(1)(l) impermissibly discriminates on the basis of viewpoint. These laws prohibit me from accepting contributions above the business-dealings contribution limit from the officers of those businesses which receive land use approvals and zoning text amendments, as well as prohibit me from receiving contributions from the business themselves. I would like to solicit contributions from these entities, but cannot because of the challenged law. I would furthermore like to solicit contributions from the officers of these entities up to the regular contribution limits provided in section 3-703(1)(f), but am prohibited from doing so by 3-703(1-a). Yet, neighborhood associations and their officers, which receive land use approvals and zoning amendments, are not subject to the lower limits and prohibitions. The only basis the City has to distinguish between them, and the entities and officers I would like to solicit contributions from, is the viewpoints of the two groups. Such viewpoint discrimination is impermissible under the first and fourteenth amendments to the constitution.

15. It does not matter whether the City engages in viewpoint discrimination every day, or whether they only occasionally engage in it. It is constitutionally impermissible to discriminate among speakers based on the viewpoint of the speakers and their message.

16. Additionally, the Campaign Finance Act provides that neighborhood associations and their officers are allowed to give up to the regular contribution limits even when the neighborhood association is the parent company or an affiliated company of an applicant for land use approvals and zoning text amendments. Admin. Code § 3-702(20).

17. It has been reported that through the first six months of 2008, since the business-dealings contribution limits and the law prohibiting contributions from LLCs took effect, fundraising is *down* about fifteen percent (15%) as compared to the period prior to the limits taking effect. This indicates that the challenged laws are actually *reducing* the amount of money that would otherwise be available to candidates. *See* La Rue Decl., Ex. H.

18. However, it has also been reported that prior to when the challenged laws took effect (but, after they were passed), the members of City Council amassed huge sums of money in preparation for 2009. *See* "Scramble Set for Council," La Rue Decl., Ex. I.

19. In 2005 the City Council enacted a law allowing individual locals of the same union to contribute up to the maximum contribution limit to candidates, instead of having their contributions aggregated together as was previously the case. This enabled unions to contribute more money than they previously could.

20. I declare under penalty of perjury that the foregoing statements in this declaration are true and correct.

Executed on August 19, 2008.

_____
Tom Ognibene
64-82 83rd Street
Middle Village, New York 11379

Sworn to before me
this 19th day of August 2008

_____
Margaret Ognibene

MARGARET OGNIBENE
COMMISSIONER OF DEEDS
NEW YORK CITY No. 4-4595
TERM EXPIRES MARCH 1, 19̶ 2009

5