JAMES BOPP, JR.[1]
Senior Associates
RICHARD E. COLESON[1]
BARRY A. BOSTROM[1]

Associates
RANDY ELF[2]
JEFFREY P. GALLANT[3]
ANITA Y. WOUDENBERG[1]
JOSIAH S. NEELEY[4]
CLAYTON J. CALLEN[5]
JOSEPH E. LA RUE[6]

[1] admitted in Ind.
[2] admitted in NY and Penn.
[3] admitted in Va.
[4] admitted in Tex.
[5] admitted in Mo.
[6] admitted in Oh.

**BOPP, COLESON & BOSTROM**
ATTORNEYS AT LAW
(not a partnership)

THE NATIONAL BUILDING
1 South Sixth Street
TERRE HAUTE, INDIANA 47807-3510

Telephone 812/232-2434  Facsimile 812/235-3685

THOMAS J. MARZEN
(1946-2007)         SEP 0 4 2008

E-MAIL ADDRESSES
jboppjr@aol.com
rcoleson@bopplaw.com
bbostrom@bopplaw.com
relf@bopplaw.com
jgallant@bopplaw.com
awoudenberg@bopplaw.com
jneeley@bopplaw.com
ccallen@bopplaw.com
jlaruc@bopplaw.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED

**MEMO ENDORSED**

September 3, 2008

Honorable Laura Taylor Swain    Re:   Ognibene v. Parkes
United States District Judge          08 CV 1335 (LTS) (TDK)
United States Courthouse
500 Pearl Street                      Plaintiffs' Request for Sur Reply
New York, New York

By Facsimile Transmission: 212-805-0426

Dear Judge Swain:

   We represent the plaintiffs in Ognibene v. Parkes (08 CV 1335). Yesterday, after speaking with Mr. Jon Pines, counsel for the defendants, we faxed a letter to Your Honor asking for leave to file a sur reply. We incorporate that letter here by reference.

   Mr. Pines sent us an email last night expressing reservations regarding our sur reply request and indicating a copy would be furnished to the Court this morning. While we had been in dialogue with opposing counsel, in the interest of appraising the Court of all aspects of this dispute we now submit this letter, furnishing a copy concurrently to Mr. Pines.

   In his letter, which Mr. Pines indicated would be delivered to the Court this morning, he alleges that we, the counsel for the plaintiffs, misled him. This is a serious accusation. We write to (1) object to that characterization and (2) ask that Your Honor either allow us to file a sur reply or else strike defendants' reply brief for being improper, as well as too long.

**Plaintiffs' Counsel Did Not Mislead Mr. Pines**

   When I spoke with Mr. Pines yesterday, I indicated to him our desire to file a sur reply. I explained to him that if your Honor allows us that reply, we will (a) explain that we agree with the

Honorable Laura Taylor Swain
September 3, 2008
Page 2

defendants that *Randall*-type claims, requiring the plaintiffs to develop a factual record, are not properly before the Court at this stage of the litigation, but that (b) Count II of plaintiffs' amended complaint involves more than *Randall*-type claims, and so it *is* properly before the Court. I also explained to Mr. Pines that I would not address those points in the letter, prior to Your Honor granting permission for us to file a sur reply. I also explained that, in order to ask for a sur reply, we would have to provide Your Honor some basis for granting it. I was true to my word. Plaintiffs' letter (1) asked for leave to file a sur reply; (2) did *not* address the issues we will discuss in the sur reply (if Your Honor grants us leave to file one); and (3) gave Your Honor a basis for granting our request, by pointing out that Part 6 of their brief is improper. Far from misleading Mr. Pines, we did what we said we would do.

**Your Honor Should Strike Defendants' Reply Brief;**
**In The Alternative, She Should Grant Plaintiffs Leave To File a Sur Reply**

It is not only Part 6 of the defendants' brief that is improper. Actually, much if not all of their brief is an argument against plaintiffs' request for final judgment stemming from their preliminary injunction motion. As such, it is an improper reply and should be stricken. Additionally, the brief is longer than the ten pages Your Honor allows for reply briefs. While both sides requested and received leave to exceed the page limit for previous briefs, no such request was made for this one. It should therefore be stricken.

In the alternative, for the reasons we stated in our letter yesterday, the Court should grant plaintiffs leave to file a sur reply addressing only the narrow issue of whether Count II is properly before this Court at this stage of the litigation.

Sincerely,

BOPP, COLESON & BOSTROM

*James Bopp Jr.*

James Bopp, Jr.
Joe La Rue

c:   Jon Pines, Esq. (by email)
     Counsel for Defendants

     Charles Capetanakis, Esq. (by email)
     Local Counsel for Plaintiffs

     Mark Spund, Esq. (by email)
     Local Counsel for Plaintiffs

*[Handwritten order:]* Plaintiffs may file a sur-reply by September 8, 2008. Defendants may file a sur-sur reply by September 12, 2008. These briefs must be limited to the Count II Randall issue described in the parties' correspondence and shall not exceed 6 pages in length (12 pt type throughout, including footnotes, and 1" margins).

SO ORDERED.

NEW YORK, NY
Sept 4, 2008

LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE