UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

OGNIBENE, *et al.*,

        *Plaintiffs*,

-against-        C.A. No. 08 CV 01335 (LTS) (TDK)

PARKES, *et al.*,

        *Defendants.*

PLAINTIFFS' SUR REPLY MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION FOR PRELIMINARY INJUNCTION
CONSOLIDATED BY THE COURT WITH THE MERITS
AS TO COUNTS II, III, IV, VI, VII, VIII, AND IX

Charles Capetanakis (CC 1120)    James Bopp, Jr. (JB 0781)*
DAVIDOFF MALITO & HUTCHER LLP    Joe La Rue (JL 2423)*
605 Third Avenue, 34th Floor    BOPP, COLESON & BOSTROM
New York, NY 10158    1 South 6th Street
Phone: (212) 557-7200    Terre Haute, IN 47807
Fax: (212) 286-1884    Phone: (812) 232-2434
*Local Counsel for the Plaintiffs*    Fax: (812) 235-3685
    *Lead Counsel for the Plaintiffs*
    * Admitted pro hac vice for this case
on May 7, 2008 by order of the Honorable
Laura T. Swain, District Court Judge.

## Introduction

In Part 6 of their reply memorandum, the defendants question whether Count II of the plaintiffs' amended complaint is properly before the Court, because it contains "*Randall*-based claims."[1] DEF. REPLY MEMO at 10-11. The defendants suggest that the Court should therefore

---

[1] "*Randall*-based claims" are those claims which require the *plaintiffs* to develop a factual record in order to demonstrate that the challenged contribution limits "prevent candidates from

decline to reach it. *Id*. The plaintiffs requested leave to file a sur reply to address this question, which the Court granted. DOC. NO. 81, "Endorsed Letter Addressed to Judge Laura Taylor Swain from James Bopp, Jr., Dated 9/3/2008." Plaintiffs maintain that Count II is properly before the Court, and the Court may find for the plaintiffs and grant them the relief they seek under it.

## Argument

Count II does indeed contain *Randall*-based claims: Plaintiffs assert that the challenged business-dealings contribution limits, which reduce the amount that this class of citizens may contribute by over ninety percent as compared with other citizens, are "too low and too severe" to survive First Amendment Scrutiny. *Randall*, U.S. 548 at 237; AMEND. COMPL. at ¶ 165. The plaintiffs agree with the defendants that *Randall*-based claims are not properly before the Court at this stage of the litigation. That is why they have not placed a single *Randall*-based claim in their motion for preliminary injunction. As they stated in their Reply Memo, "Purposely, the plaintiffs have here raised only those claims in their underlying lawsuit which are purely legal in nature . . . ." PLAINT. REPLY MEMO at 2-3. The plaintiffs have therefore refrained from making any *Randall*-type allegations in their motion for preliminary injunction or in any of their briefs in support of that

---

amassing the resources necessary for effective [campaign] advocacy; whether they magnify the advantages of incumbency to the point where they put challengers to a significant disadvantage; in a word, whether they are too low and too strict to survive First Amendment scrutiny."*Randall v. Sorrell*, 548 U.S. 230, 248 (2006) (internal citations omitted). *Randall* identified five factors to help courts determine whether a challenged limit is "too low and too strict:" (1) Is the limit so low that it threatens to inhibit effective advocacy by those who seek election, particularly challengers?; (2) Does the limit mute the voice of political parties?; (3) Does the limit hamper volunteer participation in campaigns?; (4) Is the limit indexed for inflation; and (5) Is there a legitimate statutory objective identified by the State that might justify the special burdens of the limit? *Id*. at 253-62.

**PLAINTIFFS' SUR REPLY IN SUPPORT OF**
**THEIR MOTION FOR PRELIM. INJ.**                    2

motion.[2]

## I. COUNT II IS PROPERLY BEFORE THE COURT.

That Count II contains *Randall*-based claims does not mean, however, that it is not properly before the Court. Count II asserts that the business-dealing contribution limits are unconstitutional for many reasons that require no *Randall*-type development of a factual record by the plaintiffs. The plaintiffs assert that the business-dealing contribution limits are *not* closely drawn to an important government interest, as required by *Buckley v. Valeo*, 424 U.S. 1, 25 (1976). AMEND. COMPL. at ¶ 162. Rather, they are overinclusive, AMEND. COMPL. at ¶ 163, underinclusive, AMEND. COMPL. at ¶ 164, and overbroad, AMEND. COMPL. at ¶ 166. These claims do not require the plaintiffs to present any facts at all beyond those necessary to establish their standing. It is *these* claims which the plaintiffs placed before the Court in their motion for preliminary injunction.[3] If the Court finds for the plaintiffs on these claims, then the Court should declare the contribution limits challenged in Count II of the plaintiffs' amended complaint unconstitutional, and grant the plaintiffs the relief they have requested.

That the plaintiffs need not develop facts to prevail on these claims, however, is not to say that facts are unimportant at this stage of the litigation. Rather, because the plaintiffs have

---

[2] Plaintiffs have asserted that the challenged limits are not indexed for inflation, in violation of the teaching of *Randall*. PLAINT. PRELIM. INJ. MEMO at 17; PLAINT. REPLY MEMO at 21. However, this assertion requires the Court to make no judgment as to the meaning of any factual record. The Court may look to the Administrative Code to determine whether the limits are indexed. Because such a question is purely a legal one, the plaintiffs have relied upon it in their motion for preliminary injunction and subsequent briefing.

[3] The *Randall*-based claims were left to be considered if this matter goes to trial, after the necessary factual record is developed.

**PLAINTIFFS' SUR REPLY IN SUPPORT OF**
**THEIR MOTION FOR PRELIM. INJ.**         3

challenged the constitutionality of these laws, the *defendants* must present facts demonstrating that the challenged laws are closely drawn to an important government interest. The only interest that is sufficient is corruption, or the appearance of corruption. *Nixon v. Shrink Mo. Gov't PAC*, 528 U.S. 377, 389 (2000) ("*Shrink*"). When, as here, the contribution limits are too low, or treat contributors disparately, some actual showing of corruption is needed. *Randall*, 548 U.S. at 261 (low limits); *Davis v. Federal Election Comm'n*, 128 S. Ct. 2759, 2771-72 (2008) (disparate limits). Similarly, when, as here, the justification for the limits is too novel, an actual showing of corruption is required.[4] *Shrink*, 528 U.S. at 391. If the defendants do not come forward with such evidence, then the laws are not "closely drawn" to an important government interest, but are unconstitutional. *McConnell v. FEC*, 540 U.S. 93, 231 (2003); *Buckley* 424 U.S. at 25.[5]

## II.  EVALUATING THE CONSTITUTIONALITY OF CONTRIBUTION LIMITS INVOLVES A TWO-STEP PROCESS WHICH NEED NOT REACH A *RANDALL*-TYPE ANALYSIS.

Post-*Randall*, there is a two-step process that courts should utilize when they evaluate contribution limits. First, the court should employ the *Buckley* analysis, which asks whether the limits are justified under intermediate scrutiny. Using this analysis, the court considers whether the limits are closely drawn to a sufficiently important interest. *Buckley*, 424 U.S. at 25. This analysis requires the *government* to present evidence of corruption or the appearance of corruption. If the government cannot do that, the laws are not closely drawn, and the analysis stops.

---

[4] Much of the justification for the contribution limits is *quite* novel, such as the notion that the *spouse* of a *secretary* of a lobbyist *might* be a conduit for contributions from the lobbyist, so his or her contributions must be restricted to the drastically lower limits.

[5] This is true for all the laws which the plaintiffs challenged in their motion for preliminary injunction, not just those challenged under Count II of their amended complaint.

**PLAINTIFFS' SUR REPLY IN SUPPORT OF
THEIR MOTION FOR PRELIM. INJ.**            4

If the court finds that the limits *are* closely drawn, it should then move to the *Randall* analysis, which asks whether the limits "impose burdens upon First Amendment interests that (when viewed in light of the statute's legitimate objectives) are disproportionately severe." *Randall*, 548 U.S. at 237. The Court considers whether the limits "prevent candidates from amassing the resources necessary for effective [campaign] advocacy" and whether they "magnify the advantages of incumbency to the point where they put challengers to a significant advantage." *Id*. at 248 (internal quotations and citations omitted). The court only reaches this analysis, however, if it finds that the limits pass intermediate scrutiny. *See id*. at 247 (noting that "contribution limits might *sometimes* work more harm to protected First Amendment interests than their anticorruption objectives could justify.") (emphasis in the original). If the limits do *not* pass intermediate scrutiny, there is no need to perform a *Randall*-analysis: the limits are unconstitutional.

### III. THE *RANDALL*-BASED CLAIMS ARE THUS OF NO IMPORT TO THE DISPOSITION OF COUNT II AT THE PRESENT TIME.

The fact that Count II of the amended complaint contains *Randall*-based claims thus has no significance for the disposition of the plaintiffs' motion for preliminary injunction (consolidated by the Court with the trial on the merits on May 16, 2008). If the Court finds that the challenged contribution limit is not closely drawn to a sufficiently important interest, the Court should declare the law unconstitutional. The *Randall*-analysis will then become immaterial. The fact that it is not at issue in the preliminary injunction motion thus has no bearing on the disposition of this matter at this stage of the litigation. All that matters at this stage of the litigation is whether the defendants can justify their law. It does not matter that, had this matter gone to trial, the Court might also have found the law unconstitutional because of the *Randall*-based claims. Nor does it matter that the

Court might have found that the law satisfied the *Randall* factors. This would be like suggesting that a law which is unconstitutional because it is overinclusive may not be declared unconstitutional unless it is also underinclusive. If the law is unconstitutional for *any* reason, it is unconstitutional, and the analysis stops.

## Conclusion

For the foregoing reasons, Count II is properly before this Court. The Court may grant the plaintiffs the relief they have requested with regard to the claims they have asserted from Count II in their motion for preliminary injunction. Because the Court consolidated their motion with the trial on the merits, the plaintiffs ask for final judgment with regard to Count II, and pray that the Court declare ADMIN. CODE § 3-703(1-a) unconstitutional, facially and as applied.

Dated: September 8, 2008                                        Respectfully Submitted,

                                                                /s/ James Bopp, Jr.
                                                                _____

Charles Capetanakis (CC 1120)                                   James Bopp, Jr. (JB 0781)*
DAVIDOFF MALITO & HUTCHER LLP                                   Joe La Rue (JL 2423)*
605 Third Avenue, 34th Floor                                    BOPP, COLESON & BOSTROM
New York, NY 10158                                              1 South 6th Street
Phone: (212) 557-7200                                           Terre Haute, IN 47807
Fax: (212) 286-1884                                             Phone: (812) 232-2434
*Local Counsel for the Plaintiffs*                              Fax: (812) 235-3685
                                                                email:  jboppjr@aol.com
                                                                            jlarue@bopplaw.com
                                                                *Lead Counsel for the Plaintiffs*
                                                                    * Admitted pro hac vice for this case
                                                                on May 7, 2008 by order of the Honorable
                                                                Laura T. Swain, District Court Judge.